## JOHN S. WATTS *v.* THE COUNTY OF SANTA FE.

NOTICE OF CHANGE OF REASONS FOR MOTION UNNECESSARY, WHEN.—
Where, upon a motion to quash an execution, certain reasons therefor are assigned, and after argument, both parties being present, the mover, upon the suggestion of the court, withdraws the reasons assigned, and assigns others varying from them in form only, and not in substance, and requiring no change in the arguments or authorities relied upon by the adverse party, the latter is not entitled to new notice before proceeding to further argument, and if he declines to contest the matter further without such notice, the court may nevertheless decide the motion against him.

APPEAL from the district court of the first judicial district for Santa Fe county. The case appears from the opinions of the judges.

*J. S. Watts, in propria persona,* for the appellant.

*T. D. Wheaton,* for the appellee.

By Court, BOONE, J.:

This is an appeal from the judgment of the court of the first judicial district, on a motion to set aside the levy and sale made under an execution issued upon a judgment in this case, to quash the execution and to stay further proceedings in the same. The first reasons assigned for the motion were as follows: 1. Because the execution under which said sale was made is founded upon a judgment null and void in law; 2. Because the execution under which said sale is effected is null and void; 3. Because the property sold could not legally be levied upon or sold as the property of defendant under any execution.

(Signed)                    WHEATON, for Defendant.

During the argument upon this motion the defendant's counsel, on a suggestion from the court, withdrew the reasons assigned above and substituted the following, to wit: 1. Because no execution can issue legally against the defendant on a judgment of this court. 2. Because the execution under which said levy was made is issued on a judgment null and void in law. 3. Because the said execution is illegal and void. 4. Because the property levied upon can not legally be levied upon or sold under any execution. 5. For various other good and sufficient reasons.

It appears by the bill of exceptions tendered by the plaintiff and signed by the judge below, that the plaintiff declined to enter an appearance or to make any argument on the second reasons filed, due notice not having been given to him. Whereupon the court ordered, that the said sale be set aside, the execution quashed, and that all further executions in the case be stayed. The execution referred to was issued on the twenty-fifth of December, 1854, under which a levy had been made on real estate belonging to the county of Santa Fe, and the same sold by the sheriff. It is charged by the plaintiff, as has been stated, that he declined to enter any appearance to the subsequent reasons

filed by the defendant's counsel, or to enter upon any argument upon the same, because due notice had not been given him, and that nevertheless the court proceeded to make the order. This is the error assigned, and is the only question before this court.

When matter is introduced during the progress of the cause presenting entirely new and distinct points, which would necessarily require of the opposite party other proof and different arguments to meet, and it appearing plainly to the court that he is taken by surprise, he should be permitted to have sufficient time to prepare for the purpose of meeting with proof and arguments the new issues or arguments presented. Whilst the rights of parties require this, it is not the policy of the law that applications of this character, and when it is apparent to the court that the objection is purely technical, and that no harm or injustice can possibly result from the want of further time, should be allowed. In this case the notice itself was not changed, and in the subsequent reasons assigned for the motion the words used are very nearly similar to those contained in the reasons withdrawn, and certainly the subject-matter or spirit is the same, although somewhat varied in the manner of setting it out. No new points are presented requiring a different form of reasoning, other authorities or proof, and we are unable to perceive from all this how the least possible injury could have been done to the cause of the plaintiff by insisting upon the disposal of the case without further notice. By affirming the proceedings of the court below, the rights of the plaintiff, as to the binding effect of the judgment against the county, are not infringed upon. This judgment against the county of Santa Fe remains in full force, and can not be impeached by this proceeding.

Judgment affirmed with costs.

Separate opinion by BENEDICT, C. J.:

This case has been submitted without argument and without assignments of errors. The attention of the court by the appellant has been called to one part of the record, and I am willing to announce my opinion upon the points

presented. A motion was made by the county through her attorney to set aside a sale of property made by the sheriff, under an execution, etc. The bill of exceptions shows that the appellant was present and argued the motion. As there is nothing in the record showing that notice had been given to him, the presumption is that he appeared voluntarily and came within the jurisdiction of the court. After the motion was heard, it was withdrawn upon suggestion of the court, and another filed, varying but little from the first. When this was made, Watts declined to enter an appearance or argument unless due notice was given him. The court, however, proceeded and adjudged the motion in favor of the county, and Watts excepted.

The appellant wishes this court to say whether the court below was right in deciding the second motion without due notice to him. I think he had notice; a summons in the forming of a proceeding in an original writ to bring a party before the court was not necessary. Watts was there and took active part upon the first motion. The exceptions clearly imply that he was present when the modified motion was made. The bill says, in substance, it was so done, and Watts then declined to enter any appearance or argument unless due notice was given. The court, it seems, thought that his having appeared in the first, and being present when the second was made, and declining to attend further to his interest in the case, was sufficient notice, and I think so too. The court had something to do in determining what was due notice in the case, and I see no oppression or indecent haste in its action. Watts sought to obtain a mere technical advantage by assuming that he had no notice, though it evidently was given by making the motion in his presence and hearing, and by also assuming that he was not there in law, though he was there in person.

It is not the first time that parties and counsel have entered into cases and flitted out again, and then re-entered, perhaps with a view of trying the nerves of the court, and by rapidity of motion embarrassing its action. A court that knows its duties and powers will not find in such erratic practice any serious impediment in the way of exercis-

ing properly its judicial functions. Watts asked for no time to prepare. The court only went on in the same cause in which Judge Watts, and Wheaton, attorney-general, had been so long and so ably in argument. I can not consent to reverse this cause upon the ground that Judge Watts was not notified of the proceeding.